UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BRANDON SCOTT LAVERGNE**<br>    **LA. DOC #424229**<br>**VS.** | **CIVIL ACTION NO. 6:13-2202**<br><br>**SECTION P**<br><br>**JUDGE HAIK** |
| **BUSTED IN ACADIANA** | **MAGISTRATE JUDGE HILL** |

## REPORT AND RECOMMENDATION

*Pro se* plaintiff Brandon Scott Lavergne ("Lavergne"), proceeding in *forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 on July 1, 2013.  Lavergne is an inmate in the custody of the Louisiana Department of Public Safety and Corrections.  He is incarcerated at the Louisiana State Penitentiary in Angola, Louisiana where he is serving two life sentences imposed by the Louisiana Fifteenth Judicial District Court for Lafayette Parish following his August 17, 2012 convictions for the murder of Michaela Shunick ("Shunick") and Lisa Pate ("Pate").  Lavergne names Busted in Acadiana[1], a website which contains news of local crimes and local court proceedings, as the sole defendant.

Lavergne alleges that in late 2012, after the remains of a woman's body had been found near Alexandria, Busted in Acadiana ran a story about the discovery containing the headline "Could this be the work of Brandon Scott Lavergne?"  A short time thereafter, Lavergne alleges that another man was arrested for that murder.  Accordingly, Lavergne

---

[1]*See* www.bustedinacadiana.com.

complains that this headline constituted libel and slander.  He additionally complains that this headline violated his constitutional rights.  By this action, Lavergne seeks punitive damages for libel and slander and alleged violations of his constitutional rights.

This matter has been referred to the undersigned for review, report and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the Court.

## LAW AND ANALYSIS

On August 17, 2012, Lavergne pled guilty to two counts of first degree murder for the murders of Shunick and Pate, with the stipulation that he be sentenced to life imprisonment on each count.  In accordance with the plea agreement, Lavergne was sentenced that date to life imprisonment on each count.  Lavergne did not directly appeal his convictions or sentences.  Post-Conviction relief has not been granted.[2]  Moreover, neither this or any other federal court has issued a writ of *habeas corpus*.

### I. Screening

When a prisoner files suit in *forma pauperis* pursuant to 42 U.S.C. § 1983,  the court is obligated to evaluate the complaint and dismiss it without service of process, if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990).

---

[2]This information was confirmed by communication with the Clerk of the Fifteenth Judicial District Court and the Louisiana Third Circuit Court of Appeal.

A claim is frivolous if it lacks an arguable basis in law or in fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998) *citing Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997). A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. *Jones v. Bock*, 549 U.S. 199, 215 (2007); *See also Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). The plaintiff must state "enough facts to state a claim to relief that is plausible on its face." *Green v. Revel*, 2011 WL 165453, *1 (5th Cir. 2011) *citing In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In his Complaint, Lavergne has set forth specific facts which he claims entitles him to damages and he has pleaded his best case. The facts alleged by Lavergne have been accepted as true for the purposes of this Report. Nevertheless, Lavergne's damage claims are subject to dismissal for the reasons which follow.

**II. Capacity to be Sued**

In this action, Lavergne has sued a website, Busted in Acadiana. However, for a plaintiff to sue a defendant, the defendant must enjoy a legal existence. Federal Rule of Civil Procedure 17 provides that parties must have the capacity to sue or be sued, which in this case is determined "by the law of the State where the Court is located." F.R.C.P. 17(b). In order to possess juridical capacity under Louisiana law, an entity must qualify as a "juridical person." *Winn v. New Orleans City*, 919 F.Supp.2d 743, 750 (E.D. La.

2013) *citing Dugas v. City of Breaux Bridge Police Dep't*, 757 So.2d 741, 743 (La. App. 3rd Cir. 2000).   Article 24 of the Louisiana Civil Code provides in relevant part: "A juridical person is an entity to which the law attributes personality, such as a corporation or partnership."  La. Civ. Code art. 24.

The undersigned has found no law, Constitutional, statutory, or otherwise, that confers upon a website the authority to sue or be sued, or that entitles it to function independently of the registered domain name holder or owner of the website.  Further, the Court has confirmed by search of the Louisiana Secretary of State's database for Louisiana business filings that "Busted in Acadiana" is not a corporation, partnership, or unincorporated association, nor is "Busted in Acadiana" a trade name or other type of individual business entity; there is simply no listing for "Busted in Acadiana." *See* www.sos.la.gov/BusinessServices/SearchForLouisianaBusinessFilings.  As such, the undersigned necessarily concludes that the website, "Busted in Acadiana", has no independent legal existence or the capacity to be sued.  Jurisprudence confirms this finding.  *Wine & Canvas Development, LLC v. Weisser*, 886 F.Supp.2d 930, 942 (S.D. Ind. 2012) (holding "it is obvious . . . that a website alone is not an entity capable of being sued."); *see also Dawalt v. Purdue Pharma, L.P.*, 397 F.3d 392, 395 (6th Cir. 2005) (noting that the district court "struck a named defendant . . . from the Complaint because that 'defendant' was a website . . . and not a corporate entity or an entity capable of being sued.").  Accordingly, Lavergne's claims against Busted in Acadiana are subject to

dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

### III.  Non-State Actor

Even if Busted in Acadiana is a legal entity with the capacity to be sued, Lavergne's civil rights claims are additionally subject to dismissal for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii) because Busted in Acadiana cannot be deemed a state actor.

To prevail on a civil rights claim under § 1983, a plaintiff must prove that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under the color of law. 42 U.S.C. § 1983; *Robertson v. Plano City of Texas*, 70 F.3d 21, 23 (5th Cir. 1995) *citing Evans v. City of Marlin, Tex.*, 986 F.2d 104, 107 (5th Cir. 1993); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995).  Under the "color of law" requirement, the defendants in a § 1983 action must have committed the complained-of acts in the course of their performance of duties and have misused power that they possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.  *United States v. Classic*, 313 U.S. 299, 325 (1941); *Screws v. United States*, 325 U.S. 91, 110 (1944) (plurality opinion).

It is clear that Busted in Acadiana is not a state actor as required for liability under § 1983.  To the contrary, Busted in Acadiana is merely a private website which contains news of local crimes and local court proceedings which is in no way clothed with the

authority of state law.

Further, there is no factual basis to support any claim of a conspiracy between Busted in Acadiana and any alleged state actor to support a claim of state action. *See Marts v. Hines*, 68 F.3d 134, 136 (5th Cir. 1995) *citing McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222 (5th Cir. 1989), *cert. denied*, 493 U.S. 1083, 110 S.Ct. 1141, 107 L.Ed.2d 1046 (1990) ("'mere conclusory allegations of conspiracy cannot, absent reference to material facts,' state a substantial claim of federal conspiracy."); *Mills v. Criminal District #3*, 837 F.2d 677, 679-680 (5th Cir. 1988); *see also Babb v. Dorman,* 33 F.3d 472, 476 (5th Cir. 1994) *citing Lynch v. Cannatella*, 810 F.2d 1363, 1369-70 (5th Cir. 1987) (finding that bald, conclusory allegations that a conspiracy exists are insufficient to state a conspiracy claim); *Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991); *Rodriguez v. Neeley*, 169 F.3d 220, 222 (5th Cir. 1999) *citing McAfee, supra*. Plaintiff's civil rights claims against Busted in Acadiana should therefore be dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

## III. State Law Claims

To the extent that Lavergne asserts claims under Louisiana State law, this Court should decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3).[3]

---

[3]This Court cannot exercise diversity jurisdiction, over any claims asserted by Lavergne under Louisiana State law because complete diversity is lacking. For exercise of this Court's diversity jurisdiction, it is axiomatic that complete diversity is required. Thus, the presence in the action of a single plaintiff from the same State as a single defendant deprives the district court of original diversity jurisdiction over the entire action. *Exxon v. Allapattah*, 545 U.S. 546, 553, 125 S.Ct. 2611, 2617 (2005) *citing Strawbridge v. Curtiss*, 3 Cranch 267, 2 L.Ed. 435 (1806) and *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 375, 98 S.Ct. 2396, 57 L.Ed.2d 274 (1978). In sum "[i]ncomplete diversity

A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367(c)(3); *Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 510 (W.D. La. 2001). Indeed, when a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. *Id. citing Bass v. Packwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) *citing Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, the dismissal should be without prejudice. *Id*.

In light of the above, all federal claims asserted against the defendant will be dismissed. Accordingly, no federal question will remain before this court. Accordingly, the undersigned recommends that this Court decline supplemental jurisdiction over any state law claims asserted by Lavergne, dismissing those claims without prejudice.

For the reason set forth above;

**IT IS RECOMMENDED** that Lavergne's claims against the Busted in Acadiana be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Lavergne's civil rights claims against Busted in Acadiana be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

---

destroys original jurisdiction with respect to all claims" in the action. *Id.* at 2618. Here, it appears that both Lavergne and Busted in Acadiana (to the extent that it may be considered a juridical person) are Louisiana citizens. Accordingly, complete diversity is lacking.

**IT IS FURTHER RECOMMENDED** that Lavergne's claims under Louisiana State law be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, February 12, 2014.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE